Dear Senator Morrish:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. You have asked for our opinion on the legality of a proposed agreement between the Lake Charles Harbor and Terminal District ("District") and the Louisiana Farm and Livestock Company, Inc. ("Louisiana Farm").
According to your request, the District desires to purchase a tract of land from Louisiana Farm. You state that the District will be able to purchase the tract of land for significantly less money if Louisiana Farm's shareholders could sell their stock directly to the District. In that regard, the District and Louisiana Farm would like to enter into an agreement whereby the District would purchase 100% of the stock of Louisiana Farm directly from the shareholders, and immediately thereafter liquidate Louisiana Farm. As a result, the only asset then owned by Louisiana Farm, the desired tract of land, would immediately be owned directly by the District. The proposed agreement would also provide that Louisiana Farm would: 1) hold harmless and indemnify the District from any and all liability association with any corporate obligations, and 2) purchase liability insurance protecting the District from any corporate liabilities. You ask for our opinion on the legality of the proposed agreement in light of the prohibition against the purchase of private stock with public funds found in Louisiana Constitution Article VII, Section 14.
Article VII, Section 14 provides the following with respect to the purchase of private stock:
Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any *Page 2 
political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. Neither the state nor a political subdivision shall subscribe to or purchase the stock of a corporation or association or for any private enterprise." (Emphasis added)
In Attorney General Opinion No. 77-1324, our office addressed a somewhat similar question. There, we opined that public funds may be used to purchase 100% of the stock of a private gas company if all ownership and control is vested in the public body. We stated the following:
". . . if 100% of the stock is acquired and no control of the business is maintained in any authority, person or body other than the public body acquiring 100% ownership, there is no violation of the Constitution since the policy against public funds being used for non-public purposes (the object of Article 7, Section 14) is not violated. The private nature of the enterprise ceases upon purchase of 100% of the stock.
It is the opinion of this office that if the Village of Sicily Island acquires 100% ownership of all assets of whatever nature and immediate control of all management and operations of the gas system through the purchase of all of the stock, there is no violation of state law involved. The purchase would be analogous to the outright purchase of any other type of public service facility by a public body."
We believe the proposed agreement between the District and Louisiana Farm is analogous to the transaction referenced in Attorney General Opinion No. 77-1324. Pursuant to La.Rev.Stat. 34:203, the District has the authority to acquire land necessary for the business of the District. The proposed agreement would be executed solely for the purposes of acquiring land. In our view, such an agreement does not run afoul of the provisions of Article VII, Section 14.
As expressed by the Louisiana Supreme Court in the Public HousingAdministration v. Housing Authority of City of Bogalusa[1], the constitutional prohibition against the subscription to or purchase of the stock "clearly bans any participation by the State or its political subdivisions in the ownership and operation of a private enterprise . . ." In the present case, the District is not investing in a private enterprise. Further, under the proposed agreement, the *Page 3 
District would not own or participate in a private enterprise. The District is simply acquiring property via the purchase and liquidation of stock.
Under these circumstances, it is our opinion that the Lake Charles Harbor and Terminal District and the Louisiana Farm and Livestock Company, Inc. may enter into an agreement whereby the District would purchase 100% of the stock of Louisiana Farm directly from the shareholders, and immediately thereafter liquidate Louisiana Farm. As a result, the only asset then owned by Louisiana Farm, the land, would immediately be owned directly by the Lake Charles Harbor and Terminal District.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:______________ MICHAEL J. VALLAN Assistant Attorney General
JDC/MJV/chb
[1] 242 La. 519 (La. 1962).